UNITED STATES DISTRICT COURT
District of Massachusetts

Case No.05 CV 11769 RGS

Comcast Of Massachusetts I, Inc)
        Plaintiff    )
V.    )
    )
Richard Hardy    )
        Defendant    )
    )
_____  )

## DEFENDANT, RICHARD HARDY'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Richard Hardy and answers the Plaintiff's Complaint as follows:

1. The defendant denies the allegations of paragraph #1 of the Plaintiff's Complaint.
2. The defendant denies the allegations of paragraph #2 of the Plaintiff's Complaint.
3. The defendant denies the allegations of paragraph #3 of the Plaintiff's Complaint.
4. The defendant denies the allegations of paragraph #4 of the Plaintiff's Complaint.
5. The defendant denies the allegations of paragraph #5 of the Plaintiff's Complaint.
6. The defendant denies the allegations of paragraph #6 of the Plaintiff's Complaint.
7. The defendant denies the allegations of paragraph #7 of the Plaintiff's Complaint.
8. The defendant denies the allegations of paragraph #8 of the Plaintiff's Complaint.
9. The defendant denies the allegations of paragraph #9 of the Plaintiff's Complaint.
10. The defendant denies the allegations of paragraph #10 of the Plaintiff's Complaint.
11. The defendant denies the allegations of paragraph #11 of the Plaintiff's Complaint.
12. The defendant denies the allegations of paragraph #12 of the Plaintiff's Complaint.
13. The defendant denies the allegations of paragraph #13 of the Plaintiff's Complaint.
14. The defendant denies the allegations of paragraph #14 of the Plaintiff's Complaint.
15. The defendant denies the allegations of paragraph #15 of the Plaintiff's Complaint.

16. The defendant denies the allegations of paragraph #16 of the Plaintiff's Complaint.

17. The defendant denies the allegations of paragraph #17 of the Plaintiff's Complaint.

## COUNT I

18. The defendant incorporates by reference his answers to paragraphs 1-17 of the Plaintiff's Complaint as if fully set forth herein.

19. The defendant denies the allegations of paragraph #19 of the Plaintiff's Complaint.

20. The defendant denies the allegations of paragraph #20 of the Plaintiff's Complaint.

21. The defendant denies the allegations of paragraph #21 of the Plaintiff's Complaint.

22. The defendant denies the allegations of paragraph #22 of the Plaintiff's Complaint.

23. The defendant denies the allegations of paragraph #23 of the Plaintiff's Complaint.

## COUNT II

24. The defendant incorporates by reference his answers to paragraphs 1-23 of the Plaintiff's Complaint as if fully set forth herein.

25. The defendant denies the allegations of paragraph #25 of the Plaintiff's Complaint.

26. The defendant denies the allegations of paragraph #26 of the Plaintiff's Complaint.

27. The defendant denies the allegations of paragraph #27 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Statute of Limitations

The defendant says that this action was not commenced within the time required by the applicable Statute of Limitations.

### Second Affirmative Defense

### Insufficiency of Service

The defendant states that there is insufficiency of service of process and, therefore, this action should be dismissed as a matter of law.

### Third Affirmative Defense

### Lack of Statutory Authority

The court is without statutory or other authority to grant relief sought by the plaintiff.

### Fourth Affirmative Defense

### Estoppel

As a result of its conduct and representation and/or the conduct and representation of the plaintiff's agent, the plaintiff is estopped from recovering anything from the defendant.

### Fifth Affirmative Defense

### Waiver of Claim

The plaintiff has waived any and all claims which they may have had against the defendant.

### Sixth Affirmative Defense

### Doctrine of Laches

The plaintiff's claim is barred by the doctrine of laches.

### Seventh Affirmative Defense

### Failure to Join Necessary Party

The plaintiff's Complaint should be dismissed pursuant to Rule 12(h), F.R.C.P. because the plaintiff has failed to name and join an indispensable party pursuant to Rule 19, F.R.C.P.

### Eighth Affirmative Defense

### Lack of Corporate Capacity

Defendant calls upon plaintiff to establish affirmatively that it is authorized to do business in Massachusetts, is in good standing with the Secretary of State for the Commonwealth and, therefore, may maintain this claim against the defendant.

**THE DEFENDANT RICHARD HARDY DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

                                            Respectfully submitted,
                                            The Defendant,

                                            By His Attorney,

                                            _____
                                            Christopher J. Sullivan, BBO# 548137
                                            DAVIS, WHITE & SULLIVAN, LLC
                                            One Longfellow Place, Suite 3609
                                            Boston, MA  02114
DATED:  September 16, 2005              (617) 720-4060

CERTIFICATE OF SERVICE

I, Christopher Sullivan, counsel for the defendant, do hereby certify I served this 16th day of September the within Appearance and Answer on all parties of interest, by mailing copy of same, postage prepaid to:

John M. McLaughlin, Esquire
Green, Miles, Lipton & Fitz-Gibbon LLP
77 Pleasant Street
P.O. Box 210
Northhampton, MA 01601

                                                  Christopher J. Sullivan, Esq.